1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

TALONNIE A. DIXON,                              CASE NO. C13-1819JLR

11                         Plaintiff,            ORDER ADOPTING REPORT
                                                 AND RECOMMENDATION
12                v.

13    CAROLYN COLVIN,

14                         Defendant.

15                              **I.    INTRODUCTION**

16          This matter comes before the court on the Report and Recommendation ("R&R")

17    of United States Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 16)) and Plaintiff

18    Talonnie Dixon's objections thereto (Objections (Dkt. # 17)).  This is a social security

19    appeal.  Magistrate Judge Theiler issued a comprehensive, well-written, and reasoned

20    R&R recommending that the decision of the Administrative Law Judge ("ALJ") be

21    affirmed.  (*See* R&R.)  Mr. Dixon's objections do not raise any new or novel arguments

22

1  that are not addressed in the R&R.  Accordingly, the court ADOPTS the R&R in its

2  entirety and AFFIRMS the decision of the ALJ.

3  
## II.   BACKGROUND

4        Mr. Dixon is a 50-year old man with numerous psychiatric impairments and

5  substance abuse problems.  (*See id.*)  He has a GED, has served in the Army, and

6  attended two years of cosmetology school.  (*Id.* at 1-2.)  In the past, he has worked as a

7  laborer and a mail sorter, including for Fed Ex.  (*Id.* at 2.)  He suffers from mood

8  disorder, personality disorder, history of polysubstance abuse, gout, possible lipoma, and

9  obesity.  (*Id.*)  In the past, he has undergone periods in which he would drink "about 4-6

10  bottles of malt liquor daily and use[] up to $300.00 worth of Crack cocaine daily."  (*Id.* at

11  7.)  He is skilled at "giving haircuts and reportedly hacking into iPhones."  (*Id.* at 12.)  He

12  has been homeless at times in the past, and has had difficulty living in homeless shelters

13  and mental health facilities.  (*Id.* at 3 (describing how Mr. Dixon "went off" on staff and

14  medical providers "pretty often").)  One of Mr. Dixon's doctors described him as a

15  "downcast and despondent 48 year old man . . . with marked mood lability, depressed

16  mood, intermittent suicidal ideation, irritability, agitation and interpersonal

17  withdrawal . . . ."  (*Id.*)

18        Mr. Dixon applied for and was denied social security benefits.  (*Id.* at 2.)  He

19  applied for both Disability Insurance Benefits ("DIB") and Supplemental Security

20  Income ("SSI") in February 2011, alleging that he had been disabled since September 20,

21  2010.  (*Id.*)  His applications were denied initially and on reconsideration.  (*Id.*)  He

22  timely requested a hearing and received one before ALJ Timothy Magnum.  (*Id.*)  The

ORDER- 2

1 | ALJ undertook the five-step process for evaluating social security benefit applications

2 | and found that Mr. Dixon was not disabled.  (*Id.*)  In particular, the ALJ found at step

3 | four of the five-step process that Mr. Dixon was capable of performing past relevant

4 | work as a mail sorter and accordingly was not eligible for DIB or SSI.  (*Id.* at 2-3.)  Mr.

5 | Dixon timely appealed to the Appeals Council, which denied his request for review,

6 | making the ALJ's decision the final decision of the Commissioner.  (*Id.*)  Mr. Dixon

7 | timely appealed to this court, and Magistrate Judge Theiler issued an R&R

8 | recommending that the decision of the ALJ be affirmed.  (*See generally* R&R.)  Mr.

9 | Dixon objected to the R&R, asking this court not to adopt the R&R.  (*See* Objections.)

## III.     STANDARD OF REVIEW

11 |      A district court has jurisdiction to review a Magistrate Judge's report and

12 | recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must

13 | determine de novo any part of the magistrate judge's disposition that has been properly

14 | objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part,

15 | the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

16 | The court reviews de novo those portions of the report and recommendation to which

17 | specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

18 | (9th Cir. 2003) (en banc).  "The statute makes it clear that the district judge must review

19 | the magistrate judge's findings and recommendations de novo if objection is made, but

20 | not otherwise."  *Id.*

21 |      Although review of an R&R is de novo, the court must defer to the ALJ's factual

22 | findings and may set aside the Commissioner's denial of social security benefits only if

1  the ALJ's findings are based on legal error or not supported by substantial evidence in the

2  record.  42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  In

3  this way, the court's review of the R&R is different from the court's review of the

4  underlying decision of the ALJ.  With respect to the underlying decision, the court must

5  examine the record as a whole and may not reweigh the evidence or substitute its

6  judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

7  2002).  The ALJ determines credibility, resolves conflicts in medical testimony, and

8  resolves any other ambiguities that may exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039

9  (9th Cir. 1995).  When the evidence is susceptible to more than one rational

10  interpretation, the court must uphold the ALJ's conclusion.  *Thomas*, 278 F.3d at 954.

11                          **IV.    DISCUSSION**

12         Magistrate Judge Theiler examined the ALJ's decision and recommended that it

13  be affirmed.  (*See* R&R.)  She addressed each of Mr. Dixon's four arguments on appeal

14  in turn.  (*See id.* at 4-17.)  First, Mr. Dixon argued that the ALJ erred in assessing his

15  credibility.  (*See id.* at 4-5.)  However, as Magistrate Judge Theiler discussed in detail,

16  the ALJ "supported his credibility determination with a number of clear and convincing

17  reasons."  (*Id.* at 4.)  For example, the ALJ found that Mr. Dixon's testimony was

18  inconsistent with clinical findings and with the balance of the evidence in the record.  (*Id.*

19  at 4-10.)  Magistrate Judge Theiler's analysis of this issue is thorough and correct and,

20  indeed, Mr. Dixon does not object to it.  (*See* Objections.)  As such, the court need not

21  address it further.  *See Reyna-Tapia*, 328 F.3d at 1121.

22

ORDER- 4

1    Next, Mr. Dixon argued that the ALJ erred in rejecting certain medical testimony.

2    Specifically, Mr. Dixon asserts that the ALJ improperly disregarded the opinion of one of

3    his treating physicians, Dr. James Czysz. (*Id.* at 11.)  Dr. Czysz testified that Mr. Dixon

4    had severe psychiatric impairments that substantially limited his ability to hold down a

5    job. (Objections at 1-3.)  The ALJ arguably did not weigh this testimony heavily,

6    although there is some dispute between the parties about whether the ALJ's opinion is

7    materially inconsistent with Dr. Czysz's opinions.  Even assuming that the ALJ gave

8    little or no weight to Dr. Czysz's opinions, he was justified in doing so.  The ALJ found

9    that Dr. Czysz's opinions were not supported by clinical findings, were based on self-

10   report that was contradicted by other evidence, and were inconsistent with other evidence

11   showing that Mr. Dixon was independent in his daily activities.  (Objections at 1-2.)  Mr.

12   Dixon now argues that these reasons were not supported by substantial evidence.  (*Id.*)

13   However, the court agrees with Magistrate Judge Theiler that the ALJ's reasons are well

14   supported by the record and are explained in significant detail.  Mr. Dixon raises no valid

15   grounds on which the court could overturn the factual findings of the ALJ.  It is not the

16   court's proper role to reweigh evidence or substitute its judgment for that of the

17   Commissioner on factual questions.  *Thomas*, 278 F.3d at 954.  Rather, it is the ALJ's

18   role to determine credibility, resolve conflicts in medical testimony, and resolve any other

19   ambiguities that may exist.  *Andrews*, 53 F.3d at 1039 (9th Cir. 1995).  The ALJ did his

20   job here, and the court will not disturb the ALJ's findings on appeal.  *See Thomas*, 278

21   F.3d at 954.

22

1   Mr. Dixon's next argument is equally unpersuasive.  He argues that the case

2   should be remanded for consideration of additional evidence that he submitted to the

3   Appeals Council.  (Objections at 5-8.)  Mr. Dixon cites a Ninth Circuit case from 1984

4   under which remand is appropriate if there is a "reasonable probability" that the new

5   evidence would have yielded a different result in the underlying proceeding.  (*Id.* at 5

6   (citing *Booz v. Secretary*, 734 F.2d 1378, 1380-81 (9th Cir. 1984)).)  However, under

7   direct Ninth Circuit precedent, that case does not apply where, as here, the new evidence

8   was submitted to the Appeals Council.  *See Brewes v. Comm'r of Soc. Sec.*, 682 F.3d

9   1157, 1163 (9th Cir. 2012).  Instead, the court must examine the new evidence to

10  determine if it changes the "substantial evidence" calculus in the court's comprehensive

11  review of the record.  *Id.*  The court agrees with Magistrate Judge Theiler that, here, the

12  newly submitted evidence is plagued by the same problems as the old (for example, it is

13  inconsistent with the rest of the record) and does not change the fact that the ALJ's

14  factual findings are supported by substantial evidence.  (*See* R&R at 14-16.)  The court

15  finds Magistrate Judge Theiler's analysis persuasive and incorporates it herein.

16  Last, Mr. Dixon briefly and unconvincingly argues that the ALJ erred in his step-

17  four analysis.  (*See* Objections at 8-9.)  He argues that the job the ALJ identified as past

18  relevant work, mail sorter, "barely qualifies as past relevant work."  (*Id.* at 8.)  However,

19  as Mr. Dixon seems to concede, it does meet the definition of past relevant work.  (*See*

20  *id.*)  It is unclear exactly what Mr. Dixon believes to be the ALJ's error in this regard.  He

21  also argues that the ALJ improperly weighed the testimony of a vocational expert.

22  (Objections at 8-9.)  However, he once again fails to demonstrate any compelling reason

1    for the court to reweigh the evidence or disturb the factual findings of the ALJ where they

2    are supported by substantial evidence.  *See Thomas*, 278 F.3d at 954.  In sum, the court

3    finds Magistrate Judge Theiler's analysis of the step-four issue persuasive and

4    incorporates that analysis herein.  (*See* R&R at 16-17.)

5         The court can find no error in Magistrate Judge Theiler's R&R or in the ALJ's

6    findings.  Indeed, none of Mr. Dixon's objections raise any novel issues that were not

7    addressed by the R&R.  Moreover, the court has thoroughly examined the record before it

8    and finds the Magistrate Judge's reasoning persuasive in light of that record.  Mr. Dixon

9    mostly reargues the arguments he made to Magistrate Judge Theiler, and the court

10   independently rejects them for the same reasons as Magistrate Judge Theiler.

11   The court has reviewed the record and concludes that substantial evidence supports all of

12   the ALJ's findings and that there is no legal or factual error that would support reversing

13   the ALJ or otherwise disagreeing with Magistrate Judge Theiler.  *See* 42 U.S.C. § 405(g);

14   *Bayliss*, 427 F.3d at 1214.

15                              **V.    CONCLUSION**

16        For the foregoing reasons, the court hereby ORDERS as follows:

17        (1) The court ADOPTS the R&R (Dkt. # 16) in its entirety;

18        (2) The court AFFIRMS the decision of the Commissioner; and

19   //

20   //

21   //

22   //

ORDER- 7

(3) The court DIRECTS the Clerk to send copies of this Order to all counsel and to

Magistrate Judge Theiler.

Dated this 13th day of June, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 8